WATTS v. BRYAN.

Opinion delivered May 1, 1922.

HIGHWAYS—TAX—VOTE OF MAJORITY OF ELECTORS.—Amendment No. 3 of the Constitution authorizing a public road tax to be levied "if a majority of the qualified electors" of the county have voted it, requires a majority only of those voting on the question, not a majority of the highest number of votes cast at the election, nor a majority of all persons in the county entitled to vote.

Appeal from Searcy Chancery Court; *Ben F. Mc-Mahan*, Chancellor; reversed.

*W. F. Reeves,* for appellant.

The court erred in overruling the demurrer of defendant.

The amendment did not require the affirmative vote of a majority of all the electors voting at the election for State and county officers.   45 Ark. 400; 69 Ark. 336; 15 Cyc. 388.

Qualified electors who are absent and not voting are considered as acquiescing in the result declared by the majority of those actually voting.   49 La. 422; 21 So. 647; 37 L. R. A. 761; 68 Md. 146; 5 North Dak. 594; 67 N. W. 958; 20 Ore. 154; 27 Atl. 45; 50 N. Y. 451; 2 Burrow (Eng.) 1017; 104 Ky. 629; 20 Wis. 572; 95 U. S. 360; 111 U. S. 556.

*M. P. Hatcher,* for appellee.

There was no error in overruling the demurrer.

The majority referred to means a majority of the votes cast at the election, and not a majority of those voting on the question. 45 Ark. 400; 9 R. C. L. sec. 118; 20 C. J. p. 205; sec. 266; 78 Ark. 432; 117 Ark. 465; 27 Ark. 217; 125 Ark. 557; 9 R. C. L. sec. 117; 6 L. R. A. 317; 135 Ark. 105.

The subject of road tax cannot be submitted under Amendment No. 5, except at a general election for State and county officers. 95 Ark. 336.

McCULLOCH, C. J. Appellees are citizens and taxpayers of Searcy County, and they instituted this action in the chancery court against appellant as the tax collector of that county to restrain him from collecting a road tax, alleging that it was levied by the county court without authority of a majority vote of the electors of the county as provided in the Constitution. The chancery court granted the relief prayed for in the complaint, the facts being made to appear from the records of the county, and an appeal has been duly prosecuted.

The facts appearing from the county records are that at the preceding general election the question of road tax was submitted to the electors, and there was a majority of those voting upon the question in favor of the road tax, but not a majority of those voting at the election.

The Constitution (Amendment No. 3, adopted at the general election of 1898) provides that the county courts of the State, with a majority of the justices of the peace, may levy a road tax of not exceeding three mills on the dollar "if a majority of the qualified electors of such county shall have voted public road tax at the general election for State and county officers preceding such levy at such election."

If the levy of the road tax by the county court was not based on the authority of a majority of the electors within the meaning of the constitutional provision, then

appellees, as citizens and taxpayers, have the right to restrain the collector from collecting the tax. *Merwin* v. *Fussell,* 93 Ark. 336.

The present inquiry, then, is narrowed to an interpretation of the language of Amendment No. 3 to determine what proportion of votes is required to authorize the levying of a road tax.

Counsel for appellees rely upon the case of *Rice* v. *Palmer,* 78 Ark. 432, in support of their contention that a majority of the highest number of votes cast at the election is required. The clause of the Constitution which was under consideration by the court in that case provides for the adoption of an amendment by "a majority of the electors voting at such election." The language of the amendment now under consideration is different, for it contains no express provision that there must be a favoring majority of those who vote at the election.

The language we are now considering is quite similar to that used in the clause of the Constitution (article 13, § 3) in regard to the removal of county seats, which received interpretation by this court in the case of *Vance* v. *Austell,* 45 Ark. 400. That provision of the Constitution is that a county seat shall not be changed "without the consent of a majority of the qualified voters of the county," and the language of the present amendment is that a road tax may be levied "if a majority of the qualified electors of such county shall have voted public road tax." The similarity of the two provisions is obvious.

In *Vance* v. *Austell, supra,* the court held that under this provision of the Constitution it was only necessary to have a majority of those voting on the question of removal. In the opinion in that case it was recognized that there was a conflict in the authorities on the proper construction of similar constitutional and statutory provisions, but the following was approved as the accepted doctrine according to the great weight of authority:

"Where a statute requires a question to be decided, or an officer to be chosen by the votes of a majority of the

voters of a county, this does not require that a majority of all persons in the county entitled to vote shall actually vote affirmatively, but only that the result shall be decided by a majority of the votes cast.''

We think that the decision in the present case should be controlled largely by the views expressed in *Vance* v. *Austell, supra,* because of the similarity of the language used in the two provisions of the Constitution. There was nothing said in the provision dealt with in that case about the majority being of the votes cast at the election, and the provision of the Constitution now under consideration is the same in that respect. Among other authorities on this subject, the Supreme Court of the United States has given a similar interpretation to the same language as that used in the provision now under consideration. *Carroll County* v. *Smith,* 111 U. S. 556.

It has been said by this court that this ''is a government of majorities,'' and that in elections only a plurality of the votes on a given question are required ''unless there is some contrary specification in the organic law.'' *Hildreth* v. *Taylor,* 117 Ark. 465. There is, as before stated, no contrary specification in the clause of the Constitution now under consideration, and we should interpret the meaning of the language found in this clause in conformity with the rule of government by majority as expressed by those who exercise the elective franchise. In fact, the similarity of the language of that provision of the Constitution which was construed in *Vance* v. *Austell, supra,* justifies the inference that the framing and adoption of this amendment was in the light of the interpretation given to that language in the decision of this court cited above.

Our conclusion, therefore, is that Amendment No. 3 requires only a majority of those voting on the question in order to authorize the levy of a road tax, and that a majority of the highest number of votes cast at the election is not required.

The decree is reversed and the cause remanded, with directions to dismiss the complaint for want of equity.

HUMPHREYS, J., (concurring).    I concur in the ma-
jority opinion to the effect that only a majority of the
qualified electors voting for or against the public road
tax in the general election was necessary to carry the
road tax, and that the instant case is ruled by the case of
*Vance* v. *Austell,* 45 Ark. 400.    The majority, however,
differentiate the instant case from the case of *Rice* v.
*Palmer,* 78 Ark. 432, relied upon by appellee in support
of his contention that a majority of the highest number
of votes cast at the election was required to adopt the
public road tax.    In doing so they indirectly recommit
themselves to the doctrine announced by the majority in
the case of *Rice* v. *Palmer,* supra.    In concurring in the
reversal and dismissal of the instant case for the want
of equity, it is not my purpose or intention to reaffirm
the doctrine announced by the majority in the case of
*Rice* v. *Palmer, supra.*    I am in accord with the concur-
ring opinion of Mr. Justice RIDDICK and dissenting opin-
ion of Mr. Justice McCULLOCH registered in that case,
to the effect that the framers of the Constitution meant
to require for the adoption of an amendment only a ma-
jority of all the electors voting upon that question at the
election.    In my opinion, the reasoning of Mr. Justice
RIDDICK upon this particular point in his concurring opin-
ion is unanswerable, and that the conclusion reached by
him and Mr. Justice McCULLOCH is sound.    There can
certainly be no escape from the correctness of their con-
clusion since the adoption of the initiative and referen-
dum amendment to our Constitution.