RURAL-DALE CONSOLIDATED SCHOOL DISTRICT No. 64 *v.* CARDEN.

Opinion delivered November 5, 1928.

*W. A. Utley,* for appellant.

*N. A. McDaniel,* for appellee.

KIRBY, J. This appeal challenges the correctness of a decree of the chancery court of Saline County holding invalid and enjoining the collection of a tax levied for building purposes in the Garland County territory of a consolidated school district.

It appears that School District No. 53 of Saline County was duly consolidated with School District No. 8 of Garland County, after which the directors of the consolidated district held an election for the purpose of voting on various other matters and a tax for a building fund.

It was alleged that the tax was illegal and void because no notice had been given of the holding of the election as required by law, and also that the district was not properly consolidated. A demurrer was filed, challenging the jurisdiction of the court and the complaint as insufficient and not stating a cause of action.

The evidence was in slight conflict as to whether the notices of the election and the matters to be voted on had been posted the time required, allowing the 15 days before the election held and of the place where it should be held. It was shown, however, that the notices were written and posted 15 days before the date of the holding of the election. The ones in the territory formerly the old School District No. 8 of Garland County provided that the school election was to be held at the Baptist Church, which, it was claimed, is insufficient, there being two Baptist churches in that territory, and rendered the election void, as the chancellor held. Some of the witnesses testified that, when they saw the notices of the election posted, the time of it appeared to have been changed from 2 o'clock P. M. to 9 o'clock A. M. The secretary of the board testified that the form for notices of elections in common school districts had been used, and the time for the holding of the election changed with a typewriter, before the notices were issued, to 9 o'clock A. M., and the preponderance of the testimony showed that the notices were posted in time to allow the 15 days' notice required by law. The testimony also showed that the school elections since the burning of the schoolhouse, as well as the schools of the old district, had been held in the Baptist Church at Lonsdale, where this called election also took place; that the place for school elections was well known, and of the 60 voters shown to be residents and qualified electors of the Garland County portion of the district, from the list of voters prepared by the collector of the county in accordance with the law, 55 had voted at the election so held, and all but 10 of them voted for the tax for the building fund. It was not shown that any elector who desired to vote was denied the privilege or failed

to have an opportunity for casting his vote because of the place of holding the election not being more definitely fixed. There was no question about the regularity or result of the election held in the Saline County territory of the consolidated district, the court holding only that the tax voted for the building fund in the other portion of the consolidated district, formerly District No. 8 of Garland County, was invalid because of the place of the election not being properly designated.

In *Hodgkin* v. *Fry*, 33 Ark. 716, the court said: "It is the duty of the directors to designate the place of the annual meeting, and notice of the time and place is essential to the validity of a tax voted at such meeting." In *Bordwell* v. *State*, 77 Ark. 161, 91 S. W. 555, it was decided that an election held at a place other than, but near by, the place designated for the purpose, was valid. The court said: "Election was not void because, instead of being held at the place lawfully fixed for that purpose, it was held at another place near at hand, if persons attending the latter place could be seen from the former place, and it did not appear that any one was misled." It is true there is nothing in the testimony indicating the nearness of the other Baptist Church in the territory of the old district of Garland County to the Baptist Church at Lonsdale, intended to be designated as the place for holding it, where this election was held, and where the schools of the district had been taught and the elections had been held since the destruction of the schoolhouse by fire two years before, but the general expectation was, as stated by some of the witnesses, that the election would be held at the Baptist Church in Lonsdale, where the other school elections had been held, and a great majority, 55 of the 60 electors of the district, voted at the election, and it was not shown that any elector desiring to vote had been deprived of the right and privilege of doing so because of the uncertain designation of the place for holding the election. Such being the case, the designation of the place for the holding of the election cannot have had effect to obstruct the free and intelligent

casting of the votes of the electors of that portion of the district, and the court erred in holding the election invalid on that account. *Wallace* v. *K. C. S. Ry. Co.,* 169 Ark. 905, 279 S. W. 1.

The demurrer did not raise the question of the jurisdiction of the chancery court to determine the cause of the election having been held in the territory of Garland County, and, since the consolidated district was a legal entity, we see no objection to the Saline Chancery Court's jurisdiction to determine the question raised, even though it had been objected to on that account. It appears to be conceded that no error was committed in the court's finding and holding that the consolidation of the district had been duly effected, and no question is made on that point here.

For the error designated the decree will be reversed, and the cause remanded with directions to dismiss the complaint for want of equity. It is so ordered.