MISSOURI PACIFIC RAILROAD COMPANY *v.* MCCRACKEN.

4-5084

Opinion delivered May 30, 1938.

*Thos. B. Pryor* and *Harvey G. Combs,* for appellants.
*Robert B. Gaston,* for appellee.

DONHAM, J. Guy A. Thompson, as trustee for Missouri Pacific Railroad Company, brought this suit in the Marion chancery court to enjoin the collection of road tax for the year 1936. Upon a hearing of the cause, the court dismissed the complaint for want of equity and rendered judgment against appellant in the sum of $6,-841.70, same being the taxes alleged to be due by appellant for all purposes for the year 1936, together with penalties and costs.

The record shows that at the general election held in November, 1936, the election commissioners, in making up the ballot used in said election, failed to place thereon the words "for road tax" and "against road tax." The published proclamation of the sheriff of the county contained nothing to indicate that an election would be held on the subject of road tax. It was alleged that the qualified electors of the county did not vote upon the subject of road tax; and it was shown in evidence that out of a total of 1,500 votes only two votes were cast on the subject of road tax. Notwithstanding there were only two votes cast on the subject of road tax, the quorum court of Marion county which convened soon after the general election voted to levy a road tax of three mills on the dollar on the taxable property of Marion county. It was alleged that the collector of Marion county is attempting to collect said road tax from appellant in the approximate sum of $715.64. It is contended that the levy of said tax is illegal and void; that it is not authorized by any constitutional provision or statute of the state of Arkansas; and that same amounts to an illegal exaction within the meaning of the Constitution and laws of the state. It was alleged that appellant had no adequate remedy at law, and that he has tendered all taxes

legally assessed against the property of the railroad company.

The case is here on appeal. This court is called upon to decide whether there was an election on the question of a tax for road purposes. In other words, is that provision of the statute, requiring the election commissioners to provide ballots upon which has been placed "for road tax" and "against road tax," mandatory to such an extent that, when the ballots furnished by the commissioners have no place for a vote on the question of road tax and when it is evident that because of this failure on the part of the commissioners but few votes have been cast on the subject of road tax, the election must be held void?

It is provided by Amendment No. 3 to the Constitution of the state that the county court shall have the power to levy a road tax "if a majority of the qualified electors of such county shall have voted public road tax at the general election for state and county officers preceding such levy at such election."

Construing this provision of the Constitution, this court, in the case of *Merwin* v. *Fussell*, 93 Ark. 336, 124 S. W. 1021, said:

"By this provision the Constitution has fixed the conditions which must be complied with before a valid levy of this road tax can be made. It must be first voted by the electors."

This court has held that it is not necessary that a majority of those voting at the election shall cast their vote for road tax; but that if a majority voting on the question of road tax cast their votes for same, this is sufficient to authorize a levy of the tax. *Watts* v. *Bryan*, 153 Ark. 313, 240 S. W. 405.

This court has further held, quoting from *Dishon* v. *Smith*, 10 Iowa 212, that "the voice of the people is not to be rejected for a defect or want of notice, if they have in truth been called upon and have spoken." *Whitaker* v. *Mitchell*, 179 Ark. 993, 18 S. W. 2d 1026.

In the case of *Wallace* v. *Kansas City Southern Ry. Co.*, 169 Ark. 905, 279 S. W. 1, this court quoted from

the case of *Hogins* v. *Bullock*, 92 Ark. 67, 121 S. W. 1064, 19 Ann. Cas. 822, the following quotation from the Supreme Court of Indiana:

"All provisions of the election law are mandatory if enforcement is sought before election in a direct proceeding for that purpose, but after election all should be held directory only, in support of the result, unless of a character to effect an obstruction to the free and intelligent casting of the vote, or to the ascertainment of the result, or unless the provisions affect an essential element of the election, or unless it is expressly declared by the statute that the particular act is essential to the validity of an election, or that its omission shall render it void." *Jones* v. *State,* 153 Ind. 440, 55 N. E. 229.

Our statute, Pope's Digest, § 4756, provides as follows:

"It is the duty of the election commissioners in the several counties of the state of Arkansas to place on the ticket to be voted at the election held for the election of county officers, 'for road tax' and 'against road tax,' and said commissioners shall canvass said vote and declare the same as they do other returns."

Thus, it will be seen that the statute not only provides that the election commissioners shall furnish the ballots, but it provides the kind of ballot which shall be furnished. That is, the ballots shall have placed upon them by the election commissioners "for road tax" and "against road tax."

The rule above quoted by this court in the case of *Wallace* v. *Kansas City Southern Ry. Co., supra,* as will be seen, is to the effect that the provisions of the election law should be held to be directory in support of the result of an election, "unless of a character to effect an obstruction to the free and intelligent casting of the vote, or to the ascertainment of the result, or unless the provisions affect an essential element of the election." In such cases these provisions are to be held mandatory.

It seems to us that if effect is given to this rule, we must hold that the above-quoted provisions of the statute are mandatory. The failure to provide a place on the

ballot for a vote on the question of road tax·in the instant case, certainly operated as "an obstruction to the free and intelligent casting of the vote." Furthermore, we · believe that the requirement for providing a place on the ballot for a vote on the question of road tax is "an essential element of the election." Therefore, if no ballots were furnished by the election commissioners, providing for a vote on the question of road tax, and if it is shown that only a few votes were cast on the subject, as in the instant case, and that the failure to vote on the subject · was brought about by the omission of the election commissioners to prepare the ballots as required by law, it seems that one cannot escape the conclusion that there has been no election as required by the Constitution as a condition upon which a valid levy of the tax may be made.

Of course, the failure to provide a place on the ballot for a vote on the question of road tax would not operate to invalidate the election as to other matters properly placed upon the ballot; nor do we mean to hold that if the vote had been such in the instant case as to show that the failure of the election commissioners did not obstruct the free and intelligent casting of votes on the question of road tax, there would have been no election on the subject of road tax. For, if the voters had, by their votes, expressed their preference, regardless of the failure of the commissioners to furnish the ballots as required by law, then such failure would have been of no importance.

In 9 R. C. L., p. 1092, the rule is stated as follows: "But the rule which authorizes the court to disregard irregularities in the conduct of an election and declare the result according to the legal votes cast, where it is shown with reasonable certainty that the irregularities in question did not affect the result, has no application where the irregularities proved are so widespread and general as to leave the judicial mind in doubt as to how the election would have resulted if they had not occurred."

The ordinary duties of the election commissioners are ministerial. They are not permitted to exercise discretion in the discharge of their duties which are plainly prescribed by law. If the commissioners provide no place on the ballot for the electors to express their preference upon the subject of road tax, an elector may not vote upon the subject by marking his ballot so as to show his vote and then insist that his vote be counted and reported and the result thereof be declared as determining and settling the proposition upon which he alone voted. In such case, there is no election. That is what happened in the instant case. Only two electors voted upon the subject of road tax, their votes being cast for same. These two votes cannot be accepted as meeting the requirements of the Constitution to the effect that a majority of the qualified electors of the county must vote the tax before the county court has authority to levy same. The electors failed to vote upon the subject and there was, therefore, no election.

This failure of the electors to vote on the subject of road tax was evidently brought about by a failure of the sheriff to notify them by proclamation, as was his duty, that the subject of road tax would be submitted for their consideration, and the further failure of the election commissioners to provide a ballot, as was their duty, showing that the electors were being called upon to express their preference on whether the three-mill road tax should be levied. The failure on the part of the sheriff and the election commissioners to discharge their ministerial duties as required by law resulted in such an obstruction of the free and intelligent exercise of the right to vote that only two votes were cast upon the subject, and there was, therefore, no election.

In so far as the case of *Wallace* v. *Kansas City Southern Ry. Co.*, 169 Ark. 905, 279 S. W. 1, is inconsistent with this opinion, it is overruled.

Judgment was rendered by the lower court against appellant for the sum of $6,841.70, being the amount of taxes, penalties and costs found to be due by appellant for the taxes of the year 1936, which were payable in the

year 1937. This included the illegal exaction of road tax in the sum of $715.64. The judgment is reversed and the cause remanded with directions to dismiss the cross-complaint of the appellee as to the item of road tax in the sum of $715.64, together with all penalties and costs accrued thereon and to render judgment against appellant on the cross-complaint for the remainder of the taxes found to be due, exclusive of penalties and costs; that appellant be given thirty days in which to pay same; that if not paid within said time, penalties and costs, as provided by law, to attach.

SMITH, HUMPHREYS and MEHAFFY, JJ., dissent.