Mr. Leon Garot, Chairman Arkansas County Board of Election Commissioners 101 Court Square DeWitt, Arkansas 72042
Dear Mr. Garot:
This is in response to your request for an opinion on an initiative petition concerning the closing of a street in DeWitt. Specifically, you have outlined a situation which is briefly as follows:
 Proponents of the initiative petition now in issue have, for some time, attempted to obtain closure of a street in DeWitt. These proponents petitioned the City Council at least twice to obtain the closure. The City Council has each time refused to close the street. Thereafter, the proponents succeeded in obtaining the requisite number of signatures for a municipal initiative petition pursuant to Amendment 7 to the Arkansas Constitution. The petition was certified by the city clerk, and is now before the County Board of Election Commissions [Commissioners] awaiting its placement on the ballot. The City Attorney has advised the city clerk (albeit after certification), and the Board that the initiative is contrary to the laws of the state and would therefore be void if enacted.
You inquire generally as to how the board should proceed in this matter. We perceive your specific inquiry as breaking down into two questions: 1. Is the initiative petition contrary to state law and if so, 2. Does the County Board of Election Commissioners have the discretion, or even the duty, to keep the initiative off the ballot. It is my opinion that the first question can be readily answered in the affirmative, but that the second question cannot be so easily decided. It is my opinion, however, that in light of the Arkansas Supreme Court's decision in Czech v. Baer, 283 Ark. 457,677 S.W.2d 833 (1984), that the Board, in order to "avoid useless expenditures of time and money in campaigns for and against a measure which would be invalid even if approved by the electorate,"* has the practical option, if not the sanctioned discretion, to omit the initiative from the ballot.
The initiative petition in question seeks the closing of a street by the enactment of ordinance 88-1. The ordinance cites Ark. Stat. Ann. 19-2304, (now A.C.A. 14-54-104), as authority for this action. That statutory provision is entitled "Additional powers of cities of the first class", and provides in pertinent part:
In order to better provide for the public welfare, safety, comfort, and convenience of inhabitants of cities of the first class, the following additional powers are conferred upon these cities:
. . .
 (2) To alter or change the width or extent of streets, sidewalks, alleys, avenues, parks, wharves, and other public grounds, and to vacate or lease out such portions thereof as may not for the time being be required for corporate purposes.
In my opinion, the ordinance proposed by the initiative is contrary to state law for two reasons. I am unconvinced, as an initial matter, that this proposal is even the proper subject of an initiative petition. The power conferred in section 14-54-104, above, appears to be in the nature of an administrative, as opposed to a legislative, power. It is well established that the initiative and referendum provisions of Amendment 7 to the Constitution of Arkansas are applicable only to acts which are legislative in character, not to those dealing with administrative or executive matters. Chastain v. City of Little Rock, 208 Ark. 142,185 S.W.2d 95 (1945); City of NLR v. Gorman, 264 Ark. 150,568 S.W.2d 481 (1978). It must also be noted that Amendment 7 reserves to the local voters only the right to enact any law that the local legislative body could enact. Tindall v. Searan,192 Ark. 173, 90 S.W.2d 476 (1936). It is apparent from the City Council's repeated refusal to close the street that it determined either that the closing would not benefit the public welfare, or that the street was still required for corporate purposes. Without such a finding the city has no authority to close the street. Brooksher v. Jones, 238 Ark. 1005, 386 S.W.2d 253 (1965). It follows as a necessary corollary that without such a finding, the closure of the street cannot be effected by initiative act.
This brings us to the more difficult question. When faced with an initiative petition, the subject of which is, on god advice, contrary to law, what authority does a county board of election commissioners have to omit the question from the ballot? A review of related Arkansas case law has proven unhelpful on this issue. See, Priest v. Mack, 194 Ark. 788, 109 S.W.2d 665 (1937); Dotson v. Ritchie, 211 Ark. 789, 202 S.W.2d 603 (1947); Starrett v. Andrews, 195 Ark. 1078, 115 S.W.2d 549 (1938); Missouri Pacific Railroad Company v. McCracken, 196 Ark. 311, 117 S.W.2d 345
(1938); and Hodges v. Dawdy, 104 Ark. 583, 149 S.W. 656 (1912). We do know, however, that the duties of county boards of election commissioners are often said to be purely ministerial, (See, Starrett and McCracken, supra.), thus seemingly precluding a decision of such substance.
It is my opinion, in light of the foregoing, that the duty to determine the legal validity of initiative petitions must ultimately lie with a court of competent jurisdiction. This fact, however, does not prevent the Board from omitting the issue from the ballot, and having this decision later upheld in the courts, should proponents still adhere to their view that the subject of the petition is valid. See, Czech v. Baer, supra. The Board's decision in this regard should turn upon its degree of certainty that the petition is, on its face, contrary to law.
As such, it is my opinion that the omission of an initiated issue from the ballot by the County Board of Election Commissions [Commissioners] is one step in the avenue of eventually presenting the question to a court for determination, or if no party chooses to file suit, of determining the matter itself.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
* 283 Ark. at 459. It should be noted that in Czech, the city clerk refused to certify an initiative petition, and this action, at least with respect to one petition, was upheld by the Arkansas Supreme Court.