Dr. Johnnie Roebuck, Board Chair Arkansas School for Mathematics Science 200 Whittington Avenue Hot Springs, AR 71901
Dear Dr. Roebuck:
This is in response to your request for an opinion concerning a particular individual's candidacy for school district director in the upcoming annual school election. You have set forth certain facts surrounding the efforts of Dr. Martin Halpern to run for the Arkadelphia School Board, including the fact that he has been informed by the County Clerk that he cannot be designated as qualified to be on the ballot for election from Zone 6. This apparently followed from a determination or decision that Dr. Halpern and several of the voters who signed his petition are not qualified voters from Zone 6. Your question in this regard is as follows:
 Given the need to prepare ballots, an immediate opinion from the Attorney General is requested on Dr. Halpern's right to appear on the ballot as a candidate from the Arkadelphia School Board from Zone 6.
It must be initially noted that I cannot, in the context of an opinion from this office, resolve the ultimate question of Dr. Halpern's eligibility to be a candidate from Zone 6. This requires a factual review that is not within the ordinary scope of an Attorney General opinion. I lack both the resources and the authority to undertake the review necessary for that determination.
Nor, in my opinion, is the County Board of Election Commissioners ("Board") empowered to resolve that issue. In this regard, it must be recognized that the duties of county boards of election commissioners are often described as ministerial in nature. See, e.g., State v. CraigheadCounty Bd. of Election Comm'rs, 300 Ark. 405, 779 S.W.2d 169 (1989);Starrett v. Andrews, 195 Ark. 1078, 115 S.W.2d 549 (1938); MissouriPacific Railroad Co. v. McCracken, 196 Ark. 311, 117 S.W.2d 345 (1938). The court in Craighead County, supra, thus concluded that mandamus coupled with a declaratory judgment action is the proper legal proceeding to challenge a candidate's eligibility and seek removal of the candidate from a general election ballot. 300 Ark. at 412. The court reasoned that:
 . . . the determination of eligibility may often require more than mere ministerial action. . . . To allow the board to consider disputed facts, make findings, and act thereon, is to put it in the same posture as a judicial tribunal. The board, being a ministerial entity, simply does not have that power. . . . The board may not exercise discretion or make findings of fact concerning the eligibility of a candidate. That determination may only be made by a court, and the court may then direct the board to either place the candidate's name on the ballot or remove it, as the case may be.
Id. at 410.
Although Craighead County involved an attempt to remove a candidate's name from a ballot, I believe a similar analysis must be applied in this instance with respect to Dr Halpern's efforts to be included on the ballot for school director, where his name has not been verified by the County Clerk. Arkansas Code Annotated § 6-14-111(b), as amended by Act 443 of 1997, states in relevant part:
 The county board of election commissioners shall place on the ballots, as candidates for school district director . . ., names of any qualified voters whose names have been presented filed and verified by the county clerk. The county clerk shall certify to the board that the petition contained at least twenty (20) qualified registered voters, residents of the respective . . . zones, at least forty-five (45) days before the annual school election.
Acts 1997, No. 443, § 2 (emphasis added).
It appears from your correspondence that the Board has not received this verification or certification from the County Clerk. While there may be a dispute concerning the reason or justification for this state of affairs, the fact remains that the required verification of Dr. Halpern as a "qualified voter" has not occurred. It appears that the Board would have to make certain factual determinations in order to place Dr. Halpern's name on the ballot. And, in my opinion, the Board lacks authority in this instance to delve into those facts. See generallyCraighead County, supra.
At this point, therefore, it is my opinion that the Board lacks authority to place Dr. Halpern's name on the ballot for school director. The power and duty to determine his eligibility rests, instead, with a court of competent jurisdiction. Id.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh