Mr. Larry Dowd, Chairman Miller County Election Commission 6502 Northern Hills Texarkana, Arkansas 71854
Dear Mr. Dowd:
I am writing in response to your request for an Opinion on whether the Miller County Election Commission should place a question relating to a uniform school dress code on the ballot at the annual school election in Texarkana School District No. 7. You indicate that a petition containing 1,204 signatures has been filed with and certified by the Miller County Clerk on this issue. A local attorney, representing the petitioners, and the counsel for the Texarkana School District No. 7 (the district at issue) disagree on whether the petition may lawfully be placed on the ballot. The disagreement entails whether the petition procedure contained in A.C.A. § 6-18-102 is available to voters in Texarkana School District No. 7 under A.C.A. § 6-18-102(d), and also involves the particular provisions of the petition and whether they are allowable under A.C.A. §6-18-102, if applicable. Your question to me is presumably whether the Miller County Election Commission should place this issue on the ballot at the upcoming annual school election.
RESPONSE
The dispute you describe concerns a substantive issue of law, i.e. whether the petition at issue is the proper subject of a vote under A.C.A. § 6-18-102. County boards of election commissioners are ministerial officers and are not charged or invested with powers of discretion over such substantive legal matters. See, e.g., State v.Craighead County Bd. of Election Comm'rs, 300 Ark. 405, 779 S.W.2d 169
(1989); Carroll v. Schneider, 211 Ark. 538, 201 S.W.2d 221 (1947);Starrett v. Andrews, 195 Ark. 1078, 115 S.W.2d 549 (1938); and MissouriPacific Railroad Co. v. McCracken, 196 Ark. 311, 117 S.W.2d 345 (1938). The ultimate legal question you present is one that must be decided by the judicial branch. If, as you indicate, the petition has been certified as sufficient by the county clerk as containing the requisite number of valid signatures, it is my opinion that the Board of Election Commissioners does not have the discretion, acting alone, to keep the measure from the ballot. The Board may, however, institute judicial proceedings to determine the issue (cf. Jacobs v. Yates, 342 Ark. 243,27 S.W.3d 734 (2000)) (county election commission had standing to seek declaratory relief as to eligibility of candidate and in fact could not make that determination in absence of judicial finding), or it may begin the necessary preparations to place the measure on the ballot and await the bringing of a judicial action by the School District or other interested parties. In either event, the issue is not one within the Election Commission's sole power to determine, nor may it be resolved definitively by an advisory opinion from my office.
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh