DICKINSON v. CYPRESS CREEK DRAINAGE DISTRICT.

Opinion delivered May 26, 1919.

1.  STATUTES—CONSTITUTIONALITY—TWO SUBJECTS IN ONE ACT.—Special and Private Acts 1911, p. 260, as amended by Acts 1915, p. 297, providing for organization of a drainage district and for the construction of certain levees, is not unconstitutional because it embraces two subjects, the Constitution containing no inhibition against an act embracing more than one subject, and the construction of the levees being a part of the drainage plan.

2.  DRAINS—DE FACTO OFFICER—COLLATERAL ATTACK.—Where the act provided that directors of subdistricts should be elected from each subdistrict, a director so elected is a *de facto* officer at least, and, even though he be a nonresident of the subdistrict, his authority cannot be questioned in a collateral proceeding.

3.  DRAINS—COLLECTION OF TAXES—WAIVER OF OBJECTION.—Where an owner of land in a drainage district organized under Acts 1915, p. 297, amending Special and Private Acts 1911, p. 260, failed to appear within 60 days and protest against assessments of his land, he cannot complain that excessive benefits were assessed against his land.

4. DRAINS—FAILURE TO PAY TAXES.—The court has no right to refuse to impose a penalty of 25 per cent. upon the owner of land for failure to pay drainage taxes, because he is blind and ill; the statute making no exception in favor of the blind or sick.

Appeal from Desha Chancery Court; *Zachariah T. Wood,* Chancellor; reversed with directions to impose penalty.

*J. W. Dickinson,* for appellants.

The acts are unconstitutional and void. The Board of Directors were illegally organized and the assessments are unjust, unequal and excessive. The lands were assessed as town lots when they should have been assessed as acreage lands as other lands were assessed.

Act 80, Acts 1915, leaves out many lands, aggregating 50,000 to 60,000 acres, subject to assessment. They are not assessed at all, and this enhances plaintiff's taxes and renders the act unconstitutional. The act was not followed in the election of the board. The act is a double-header and treats of two subjects, distinct and opposite.

*F. M. Rogers,* for appellees.

1. The acts of the board were valid, but if there were illegalities, the members of the board are *de facto* officers and their acts are binding. If appellants were dissatisfied they should have acted in time as prescribed by law.

2. The act is not unconstitutional. It treats only of one subject.

3. It is no objection that the act does not include some lands lying south of the Arkansas River and west of the Mississippi River. It was not intended to include the whole of the State of Arkansas. 109 Ark. 60. The exclusion of lands in no wise affects the act. 130 Ark. 70.

4. The assessments were made upon the lands as shown by the tax books.

5. There is no proof that the taxes paid to the original district have not been refunded them, but if they did pay them and have not recovered it, it was their own fault. Acts 1911, pp. 12-33. On the cross-appeal appellees are entitled to the penalties and attorney's fees.

SMITH, J.   Appellant, who is the owner of a large amount of land situated in the Cypress Creek Drainage District, brought this suit to enjoin the officers of that district from enforcing the collection of the taxes claimed to be due on his lands for the years 1915 and 1916.   The lands were delinquent for those years at the time of the institution of the suit.   Appellant alleged that the acts of the Legislature under which the district was organized were unconstitutional.   He also alleged that the Board of Directors was illegally organized, in that one of the directors was ineligible, and that the assessments against his lands were unjust, unequal and excessive. In an answer and cross-complaint the drainage district prayed the foreclosure of its lien for the taxes.   It was admitted that certain lands owned by appellant were erroneously assessed as town lots when they should have been assessed as acreage property and given the assessment of corresponding property similarly situated, and the prayer of the complaint for this relief was granted. The court held against appellant on all other questions and directed that his lands be sold if the taxes were not paid within the time limited, but refused to impose the penalty of twenty-five per cent. as required by section 13 of the act (Acts 1915, p. 297), amending the act of March 18, 1911 (Special and Private Acts 1911, p. 260), organizing the district, and both parties have appealed.

It is first insisted that the act is unconstitutional because, as counsel says, "It is a double-header, treats of two subjects, distinct and opposite," his specific objection being that, whereas the title to the act is an act to organize certain territory into a drainage district for the purpose of draining the lands in said district, it also provides for the construction of certain levees.

Two answers may be made to this objection.   The first is that the present Constitution, unlike that of 1868, contains no inhibition against an act of the Legislature embracing more than one subject.   The second answer is that section 3 of the act declares, "The intent and purpose of this act being to protect the territory described in

section 1 hereof from floods from the gap in the Mississippi River levee between Jefferson lake and Cypress creek, and to provide a complete and thorough system of drainage for surface water, said board is hereby authorized, empowered and directed to adopt the maps, profiles and other information shown by the survey now on file in the office of the present Board of Directors of said district, which maps and profiles were made under the supervision of the Bureau of Drainage Investigation of the United States Department of Agriculture;   *   *   *,,
The report of the Bureau of Drainage Investigation referred to in the act is found in the transcript, and an essential part of the plan there approved involved the construction of certain levees to prevent the overflow of the territory sought to be drained.

The act divided the territory of the district into five subdistricts and provided that one director should be elected from each subdistrict in which he resided; and it is contended that the director elected for subdistrict No. 1 was an actual resident of subdistrict No. 5. This director was at least a *de facto* officer and his title and right to act cannot be inquired into in this collateral proceeding.

The testimony in the case was chiefly directed to an attempt to show that excessive betterments were assessed against appellant's lands. But that question is not open to inquiry in the present suit. This district was created by the acts of the General Assembly above referred to, which amended Act No. 110 of the Acts of 1911 (Special and Private Acts 1911, p. 260), and at the time of the passage of Act No. 80, Acts 1915, litigation was pending which involved the assessment of benefits against the lands in the district, and section 5 of this act of 1915 undertook to validate these assessments and, after a legislative declaration that "all of the lands of the district will receive benefits to the extent of the assessment against them," directed that "all persons claiming that their lands will not be benefited by the making of the improvement contemplated by this act are hereby required

to apply to the proper court of chancery, within sixty days after the passage of this act, to enjoin the enforcement of said assessment; and any person failing so to apply to the court of chancery within said sixty days shall be forever barred from contesting the assessment of benefits aforesaid."

The appellant did not avail himself of the right given to appear within the sixty days and protest against his assessment, and he cannot complain, if, by a belated appeal to the court, he was denied the redress he might have obtained by a seasonable application to the court made within the time limited by law. *Board of Improvement v. Pollard,* 98 Ark. 543.

The court below properly rendered a decree against appellant's lands for the foreclosure of the lien fixed by law; but refused to impose the penalty of twenty-five per cent. which had accrued before this suit was filed, the action of the court being based upon the ground that appellant was blind and had been ill. But section 13 of the act requires the taxes to be paid between the first Monday in January and the 10th day of April and imposes a penalty of twenty-five per cent. against all lands on which the taxes are not paid. The law makes no exception in favor of the sick or the blind, and the courts are powerless to write that exception into the law. *Sims* v. *Cumby,* 53 Ark. 418; *Smith* v. *Macon,* 20 Ark. 17.

The decree must be reversed with directions to impose the penalty fixed by law. In all other respects it is affirmed.