## HUFF *v*. UDEY.

### Opinion delivered April 4, 1927.

1.  STATUTES—PASSAGE OF ACT—PRESUMPTION.—Where the legislative journals recite the final passage of an act in legal form by a yea and nay vote, it will be presumed that the act was read in conformity to Const. art. 5, § 22, providing that every bill shall be read three times, unless the journal entries show the contrary; and this presumption cannot be overcome by oral testimony that the bill was not read at length.

2.  STATUTES—ACT BROADER THAN TITLE.—The fact that an act is broader in effect than is indicated by its title does not render

the act invalid, as the Constitution does not require that the caption should indicate all of the subject-matter of the act.

3. STATUTES—CONSTRUCTION WITH REFERENCE TO TITLE.—The fact that the title of an act is more restricted than the act itself will not be considered in determining the legislative intent where the act itself is unambiguous.

4. STATUTES—CONSTRUCTION OF STATUTES ADOPTED AT SAME SESSION.—Sp. Acts 1923, p. 1562, relating to prohibition of the running of live stock at large, cannot be read together with Sp. Acts 1923, p. 843, passed at the same session, relating to hogs, sheep and goats only, the subject-matter, territory and dates of passage being different.

Appeal from Pulaski Chancery Court; *John E. Martineau,* Chancellor; affirmed.

*Mehaffy & Mehaffy,* for appellant.

*Rose, Hemingway, Cantrell & Loughborough,* for appellee.

HUMPHREYS, J. Appellant, a citizen of Pulaski Restricted District No. 3, in Pulaski County, Arkansas, brought suit in the chancery court of said county against appellee, impounder of said district, to enjoin him from impounding the stock of appellant and other taxpayers, upon the alleged ground that act 639 of the Acts of the General Assembly of 1923, under which the district was created, is void. The district was established by order of the county court of Pulaski County on November 20, 1925, under § 4 of said act, and embraced certain territory in Pulaski County south of the Arkansas River.

The validity of the act is first attacked because the journals of the Legislature failed to show that the act was read at length on three different days in each House, or that the rules were suspended so that it might be read a second or third time on the same day, as required by § 22, article 5, of the Constitution. The Constitution does not require that the journal show that the act was read at all, provided the journal recites the final passage of the act in legal form by a yea and nay vote, for the court will presume that the act was read in conformity to the Constitution. *Glidewell* v. *Martin,* 51 Ark. 559, 11 S. W. 882; *Waterman* v. *Hawkins,* 75 Ark. 120, 86 S. W.

844; *Pelt* v. *Payne,* 90 Ark. 601, 30 S. W. 426; *Helena Water Co.* v. *Helena,* 90 Ark. 597, 216 S. W. 26; *Rice* v. *Road Imp. Dist.,* 142 Ark. 457, 221 S. W. 179; *Ewing* v. *McGehee,* 169 Ark. 448, 275 S. W. 766. This presumption is conclusive, unless the journal entries themselves show to the contrary. The presumption cannot be overcome by oral testimony, as has been attempted in this case. *State* v. *Crowe,* 130 Ark. 272, 197 S. W. 4, L. R. A. 1918A, 567 Ann. Cas. 1918D, 460; *Harrington* v. *White,* 131 Ark. 291, 199 S. W. 92; *Perry* v. *State,* 139 Ark. 227, 214 S. W. 2; *Booe* v. *Sims,* 139 Ark. 595, 215 S. W. 659; *Road Imp. Dist. No. 16* v. *Sale,* 154 Ark. 551, 242 S. W. 825; *Ruddell* v. *Gray,* 171 Ark. 547, 285 S. W. 2.

The records of both houses not only show that the bill was read a third time and passed by a majority vote on a call of the yeas and nays, but also reflects that the act was read the first time on a different day, and on the day of the first reading the rules were suspended and the act was read a second time. There is nothing in the record reflecting that it was not read at length. The record does not state that it was read by title only.

The validity of the act is next assailed on the ground that the title was not as broad as the subject-matter of the act. The title or caption of the act is as follows:

"An act to prohibit the running at large of live stock in certain portions of Pulaski County, north of the Arkansas River."

Section one of said act not only prohibits running at large of cattle, horses, hogs, sheep or goats in that portion of Pulaski County, Arkansas, lying north of the Arkansas River and east of the main line of the Missouri Pacific Railway, but it also prohibits them from running at large in any stock-restricted district in Pulaski County created by order of the county court of Pulaski County, as provided for in § 4 of said act. Section 4 of said act is as follows:

"Upon the petition of a majority of the owners of acres in any area of Pulaski County containing 640 acres or more of land in one body, it shall be the duty of the

county court to lay off into a stock-restricted district the
territory described in the petition, for the purpose of pre-
venting the running at large in said area of any cattle,
horses, hogs, sheep or goats, and to name as impounder
of the district the person whose name appears in the
petition, if the petition contains the name of an
impounder recommended by the property holders, and, if
not, then some one whom the county court thinks fitted
for the place. All or any portion of any incorporated
towns or cities may be included in such district.''

It is obvious that the title is not as broad as the act,
but there is no provision in our Constitution to the effect
that the caption of an act must indicate all the subject-
matter embraced in the act itself. *Dickinson* v. *Cypress
Creek Drainage Dist.,* 139 Ark. 76, 213 S. W. 1; *Ewing* v.
*McGehee,* 169 Ark. 453, 275 S. W. 766.

Lastly, appellant assails the validity of the order of
the circuit court creating the restricted district upon the
alleged ground that, if said act is valid, it does not apply
to territory in Pulaski County south of the Arkansas
River. The contention is that, when the title of the act
is considered along with the act itself, and read in con-
nection with act 698, relating to the same subject and
passed at the same session of the Legislature, the mani-
fest intention of the lawmakers was that said act 639
should not apply to or affect any territory south of the
Arkansas River. The title or caption of act 639 is repug-
nant to the act itself and cannot be considered in arriving
at the intention of the Legislature. If the act contained
any ambiguity with reference to the territory covered,
and the title was not repugnant to the provisions of the
act, it might be looked to as an aid in arriving at the
intent of the Legislature. The act, however, is not ambig-
uous as to the territory covered by its terms. Under § 1
thereof the county court is permitted to create a
restricted stock district in Pulaski County, except the ter-
ritory therein north of the Arkansas River and east of
the main line of the Missouri Pacific Railway, in the man-

ner provided by § 4 of the act. By reference to § 4 it will be observed that the restricted district may be created by the court on petition of a majority of the owners of acres in any area of Pulaski County containing 640 acres or more of land in one body, meaning in any part of the county not north of the river and east of the railway. By reference to act No. 698, it will be observed that it does not cover the entire subject-matter covered by act 639, but related to hogs, sheep and goats only, in townships in the county lying south of the Arkansas River, and exempting a number of townships in the county entirely from its provisions. The acts cannot be read together as one act in arriving at the intention of the Legislature in either or both, because they cover different subjects and apply to different territory. Act 639 was a later act than act 698, and for this reason, as well as the reason given above, was not repealed by act 698.

No error appearing, the decree is affirmed.