WILLIAMSON, ADMINISTRATRIX v. WILLIAMSON.

5-491                                    272 S. W. 2d 72

Opinion delivered November 1, 1954.

*Armstrong, McCadden, Allen, Braden & Goodman*
and *Hale & Fogleman,* for appellant.

*Rieves & Smith,* for appellee.

GEORGE ROSE SMITH, J.  H. C. Williamson, a resident of Crittenden County, died intestate in 1952, survived by his widow, the appellant, and by a minor son, the appellee.  The decedent's estate was valued at approximately $350,000, after the payment of debts and administration expenses.  The present petition was filed by the appellant and asks in substance that her dower and allowances be set aside without any deduction for the federal estate tax.  The probate court denied this request, holding that the Arkansas apportionment law (Ark. Stats., 1947, § 63-150) requires a widow to bear her proportionate part of the federal tax.  The sole question is whether the court correctly interpreted the state statutes.

The enactment of apportionment statutes by Arkansas and several other states was stimulated by the ruling announced in *Riggs* v. *Del Drago,* 317 U. S. 95, 63 S. Ct. 109, 87 L. Ed. 106.  There the court held that although the *amount* of the tax upon a particular estate is to be determined by federal law, the *allocation of the tax burden* among the distributees is a matter to be controlled by the states.  ''Congress intended that state law should determine the ultimate thrust of the tax.''  Upon this reasoning the court sustained the validity of an apportionment law adopted by New York in 1930.

Less than four months after the *Riggs* opinion had declared the way to be open for state action the Arkansas legislature enacted our apportionment law:  ''Except as otherwise directed by the decedent's will, the burden of any State and Federal Estate, Death, and Inheritance

Taxes paid by the executor or administrator shall be spread proportionately among the distributees, and/or beneficiaries of the estate, so that each shall bear his proportionate part of said burden.'' Ark. Stats., § 63-150. In *Terral* v. *Terral,* 212 Ark. 221, 205 S. W. 2d 198, 1 A. L. R. 2d 1092, we held that a widow is a distributee or beneficiary of the estate and must therefore bear her fair share of the tax burden.

The *Terral* case would be identical in principle with the case at bar were it not for the fact that in 1948 Congress, in an effort to equalize the impact of the estate tax as between common law states and community property states, authorized what is known as the marital deduction. 26 USCA § 812 (e). By this 1948 amendment Congress directed that the value of interests passing to a surviving spouse, up to an amount not exceeding one-half of the adjusted gross estate, should be deducted in arriving at the net estate upon which the federal tax is computed.

This appellant's dower and allowances amounted to less than half of her husband's estate, and their value was accordingly disregarded in the calculation of the federal estate tax. Mrs. Williamson now argues that since her share in the estate did not contribute to the net valuation upon which the tax was computed she is not required by our apportionment statute to bear any part of the tax burden.

The cases relied upon by the appellant construe apportionment statutes materially different from ours. In New York, for example, the tax burden is to be distributed so that each beneficiary bears his pro rata share, but ''in making such proration allowances shall be made for any exemptions granted by the act imposing the tax and for any deductions allowed by such act for the purpose of arriving at the value of the net estate.'' N. Y. Decedent Estate Law, § 124. Since the marital deduction patently comes within the exact language of the statute the New York courts hold that the apportionment law gives the widow the benefit of that deduction. *In re*

*Peters' Will,* 204 Misc. 333, 88 N. Y. S. 2d 142. Other cases involving statutes which explicitly carry into the proration the exemptions and deductions allowed by Congress include *Jerome* v. *Jerome,* 139 Conn. 285, 93 A. 2d 139; *In re Fuchs' Estate,* 60 S. 2d 536 (Fla.); and *In re Harvey's Estate,* 350 Pa. 53, 38 A. 2d 262.

The New York statute, with its express recognition of all federal exemptions and deductions, was doubtless known to the General Assembly when our apportionment law was drafted, for the New York act was the very one considered by the United States Supreme Court in *Riggs* v. *Del Drago, supra.* Yet our legislature did not adopt that provision of the New York law which gives effect to federal exemptions and deductions as factors in the scheme of apportionment. Instead, our law tersely directs that the burden of any taxes "paid by the executor or administrator" be spread proportionately among the distributees and beneficiaries. In short, our statute does not come into play until the tax has been computed and paid by the personal representative. That prior computation, made pursuant to the formula provided by Congress, allows several concessions, such as a specific exemption of $100,000, a deduction for charitable gifts, and the marital deduction. We think it plainly the intent of our statute to give to the estate as a whole the benefit of these various concessions, for the Act requires a proration of the tax already paid to the United States.

In urging that she be exempted from any part of the tax burden the appellant stresses the concluding clause of our law, by which the tax is to be spread among the distributees "so that each shall bear his proportionate part of said burden." It is argued that our statute contemplates an equitable apportionment and that it would not be equitable to visit any part of the burden against property which was excluded from the taxable valuation of the estate. There are, however, two equitable approaches to the problem of apportionment, and it was for the legislature to say which should prevail in Arkansas. The appellant's conception of equity is embodied in the New York statute, which, by carrying for-

ward the federal exemptions and deductions, prorates the burden among those beneficiaries whose shares entered into the tax base. But it can be said with equal equity, and with a good deal more realism, that as far as the distributees are concerned the estate really consists of what is left after the federal demand has been satisfied. That is certainly the position taken by our legislature, for the burden of a tax already computed and paid is to be spread proportionately among the beneficiaries who share the net remaining estate. A similar appeal to equity was rejected by the Court of Appeals of Maryland in holding that a widow was not entitled to the benefit of the marital deduction under an apportionment law which, like ours, did not recognize federal exemptions and deductions. *Weinberg* v. *Safe Deposit & Trust Co.*, 198 Md. 539, 85 A. 2d 50, 37 A. L. R. 2d 188.

It has also been suggested that the appellant's position is supported by § 3 of the Probate Code, which defines "claims" against an estate to include estate taxes. Ark. Stats., § 62-2003. The argument is that the widow's dower takes precedence over claims, a term which now encompasses estate taxes. To answer this argument we think it sufficient to observe that the definition in question applies to the word claims only as it is used in the Probate Code, and that code has nothing to do with the apportionment of estate taxes. It would be somewhat farfetched to say that a material part of the apportionment law was repealed by a mere definition used in a later act dealing with a different subject matter.

Affirmed.