COMMERCIAL NATIONAL BANK EXECUTOR et al *v.*
ARKANSAS CHILDREN'S HOSPITAL

74-57                                             511 S.W. 2d 640

Opinion delivered July 22, 1974

*Eichenbaum, Scott, Miller, Crockett & Bryant* by: *Leonard L. Scott,* for appellants.

*Jacoway & Sherman,* for appellee.

*Ray Trammell,* for University of Arkansas Board of Trustees, amicus curiae

JOHN A. FOGLEMAN, Justice. This case involves the question whether, in making distribution of testamentary

bequests made by Polly M. Thomas, deceased, the executor should apportion a part of the burden of the federal estate tax against a bequest to Arkansas Children's Hospital, a public hospital not for profit.[1] The executor contends that it should, relying on Ark. Stat. Ann. § 63-150 (Repl. 1971). On the other hand appellee and amicus curiae contend that the Children's Hospital is relieved of any part of the burden because of the provisions of Ark. Stat. Ann. § 63-151 (a) (Repl. 1971). We find that Ark. Stat. Ann. § 63-150 applies and that the bequest to the Arkansas Children's Hospital must bear its proportionate part of the tax burden.

A review of the legislative history of the two sections is conducive to the proper determination of the sole question raised on this appeal. Ark. Stat. Ann. § 63-150 is Act 99 of 1943, as amended by Act 122 of 1955. The amendment is not of any great significance here. Ark. Stat. Ann. § 63-151 (a) is Act 19 of 1943. Act 99 was approved by the Governor on February 24, 1943. Act 19 was approved on February 4, 1943. Both had emergency clauses which appear to have been ineffective. Act 19 was introduced in the House of Representatives before Act 99 was introduced in the same House. Its passage in the House and Senate and transmission to the Governor preceded the like action on Act 99, in each instance. In view of our construction of the acts, we need not determine, however, which took effect first.

Appellants contend that § 63-150 is our only "apportionment" statute placing the ultimate burden of federal estate taxes and that § 63-151 (a) is simply an exemption from the Arkansas tax. Appellee concedes that § 63-150 is an apportionment statute, but contends that § 63-151 (a) is not an exemption statute, but is an "allocation" statute, which we understand to mean, in appellee's argument, the same as an "apportionment" statute. Appelleee contends that § 63-150 should be read in conjunction with § 63-151 (a). We agree with appellant.

It is interesting to note that the probate court held that "the Arkansas Children's Hospital is exempt from any estate

---

[1] The will gave no directions in this respect.

taxes or inheritance taxes imposed by the United States of America or the State of Arkansas in connection with the transfer to it of any real or personal property pursuant to the will ..." This may explain, in part, our disagreement with the probate judge. § 63-150 is concededly not an exemption statute and the state legislature could not "exempt" any property or transfer, otherwise taxable, from the federal estate tax. The tax, however, is not upon the right of succession, as an inheritance tax would be. *Gates* v. *Bank of Commerce and Trust Co.*, 185 Ark. 502, 47 S.W. 2d 806. It is upon the entire estate, as defined in the applicable federal statute, or its transfer from the decedent or the privilege of transfer. 34 Am. Jur. 2d (1974) 797, Federal Taxation, §§ 8500, 8501. See *Thompson* v. *Union & Mercantile Trust Co.*, 164 Ark. 411, 262 S.W. 324. Since the tax was upon the entire estate, the government could enforce the collection against any of the assets of the estate and even collect from a beneficiary any amount unpaid up to the amount or value received by him. 34 Am. Jur. 2d (1974) 797, Federal Taxation, § 8501. The tax is a lien on all property of the estate. See *Thompson* v. *Union Mercantile Trust Co.*, supra; 34 Am. Jur. 2d (1974) 993, Federal Taxation, § 9425.

The Arkansas tax was, in substantial part, an inheritance tax, at least until 1941. See Compiler's note, Ark. Stat. Ann. § 63-101 (Repl. 1971). By Act 136 of 1941, a change in the Arkansas taxing system was brought about. See Ark. Stat. 63-101-146 (Repl. 1971). By § 1, the act was denominated as the "Estate Tax Law of Arkansas." Ark. Stat. § 63-101. By this act, a tax was imposed upon the transfer of the net estate of an Arkansas resident thereafter dying. The definition of net estate differed in the act, in some respects, from the definition in the federal estate tax act. It was the value of the estate after deducting from the gross estate funeral expenses, trustee's fees, attorney's fees, administration expenses, claims against the estate, unpaid mortgages or indebtedness in respect to property, the value of which was included in the gross estate. No other deduction was recognized or mentioned and certainly no deducton for a bequest to a nonprofit hospital. § 3, Act 136 of 1941. However, the peculiar wording of the statute imposing the

tax on net estates in excess of $100,000 in an amount equal to the amount by which the credit allowable under the federal revenue act for estate taxes then in effect actually paid to the several states exceeded the aggregate amount of all such taxes actually paid to the several states (other than Arkansas) compelled this court to hold that, for those estates, the net estate necessarily must be determined according to the federal estate tax act then in effect, because both the federal tax and the credit allowable were determined on that basis. *Cook v. Taylor,* 210 Ark. 803, 197 S.W. 2d 738 (1946).

Between 1941 and 1945, however, the situation appeared to be different as to a net estate less than $100,000 and more than $10,000.[2] Where the net estate was less than $10,000 it was exempt from the Arkansas estate tax. And if the net estate exceeded $10,000 but was less than $100,000, the tax amounted to 4/5 of 1% of the excess over $10,000. In determining the net estate for the purpose of this tax, or exemption therefrom the provisions of § 2 (c) and § 3 of Act 136 of 1941 would seem to have come into play. The net estate was defined by § 2 (c) as the net estate as determined under the applicable federal revenue act, except where otherwise defined. Net estate was "otherwise defined" by § 3 as herein above set out. In such an estate, there would have been no basis for any exemption from the Arkansas estate tax of the amount of a devise or bequest to the state, a municipal corporation or other political subdivision or to a public institution of learning or to a public hospital not for profit before the passage of Act 19 of 1943, now § 63-151 (a). And, in any event, permitting a deduction from the gross estate for property bequeathed to a charitable institution does not exempt property constituting the fixed dollar deduction allowed under both federal and state law. See *Thompson v. Union and Mercantile Trust Co.,* 164 Ark. 411, 262 S.W. 324; *Williamson v. Williamson,* 224 Ark. 141, 272 S.W. 2d 72. Consequently until the passage of Act 19 of 1943, the statutes provided a different basis for determination of the net estate for the purpose of Arkansas estate taxes for estates subject to the normal federal estate tax (as distinguished from the surtax) and those which

[2]See Trammell, The Arkansas Estate Tax, 1941-1949, 3 Ark. Law Rev. 72, 73, 75.

were not. In the first case, a bequest to an institution of the character of appellee would have constituted a deduction from the gross estate in determining the net estate, but would not have in the second case. Ark. Stat. § 63-151 (a) (Act 19 of 1943) eliminated this inconsistency as to such institutions. Not until 1945 did the General Assembly change the definition of "net estate" under the Arkansas law to conform in all cases to the definition in the federal revenue statutes. But by the same act, the Arkansas tax was imposed only on net estates in excess of $100,000, Act 294 of 1945.

In attempting to evaluate § 63-151 (a), it is significant to note that this statute uses the word "imposed" in reference to its prohibition as to estate, inheritance and transfer taxes. This word, of course, is characteristic of tax levies. It is significant that it is used in the Arkansas Estate Tax Act in this sense. See e.g. Ark. Stat. Ann. § 63-103, 104 (Repl. 1971, Act 136 of 1941.) It (or its present tense "impose") has also been used in other taxing statutes in this sense. See Ark. Stat. Ann. §§ 84-1904 (Repl. 1960, Supp. 1973); 84-1909 (Repl. 1960); 84-2003 (Repl. 1960, Supp. 1973); 84-2005, 2020, 2502, 2529, 2604, 2613 (Repl. 1960); 48-405, 408, 608, 609 (Repl. 1964); 48-418 (Supp. 1973); 19-4502 (Repl. 1968); 75-1105, 1112, 1120, 1125, 1127, 1149, 1223, 1225, (Repl. 1957); 66-2302 (Repl. 1966). It has also been used in exemption statutes in the same sense. See Ark. Stat. § 48-403 (Repl. 1964).

The apportionment of the burden of estate taxes is not the imposition of a tax. The basis for apportionment statutes was set out in *Riggs* v. *Del Drago,* 317 U.S. 95, 63 S. Ct. 109, 87 L.Ed. 106, 142 A.L.R. 1131. The Supreme Court of the United States found the Congress intended that the federal estate tax should be paid out of the estate as a whole, but "that the applicable state law as to the devolution of property at death should govern the distribution of the remainder and the ultimate impact of the federal tax." As we view the matter, there was no act apportioning the tax burden, until the passage of Act 99 of 1943 (§ 63-150).

It seems clear that the legislature did not have apportionment of estate taxes in mind in Act 19 when it eliminated

from the imposition of estate, inheritance and transfer taxes the succession of title to any property *from* any person, association, company or corporation, whether resident or nonresident. It is difficult to perceive how apportionment of tax burdens could be involved where the source of the property was either an association, company or corporation, resident or nonresident. Clearly this is an indication the legislature was considering tax exemptions, not apportionment.

Another clear manifestation that tax exemption, not apportionment, was the legislative intention in Act 19, is the fact that the act has been twice amended by enactments which clearly create Arkansas tax exemptions in certain instances. Ark. Stat. Ann. § 63-151 (b) (Repl. 1971); Act 25 of 1963; Act 169 of 1965. Both amendments related to adding matter to § 63-151 (a) and did not change the text of Act 19 at all. During the period intervening between the passage of Act 99 and the first amendment to Act 19, the former was amended by Act 122 of 1955, to eliminate property qualifying for the marital deduction from any burden by apportionment. The title of that act provides that no estate taxes be apportioned against a spouse with respect to such property. The legislative construction of the purposes of the three acts is not controlling but it is certainly persuasive in ascertaining the meaning of words employed and to resolve doubts and ambiguities. 2A Sutherland, Statutory Construction, 4th Ed. 265, Sec. 49.11; 73 Am. Jur. 2d 380, Sec. 178; *Crosby* v. *Barr*, 198 So. 2d 571 (Miss. 1967); *Erlenbaugh* v. *United States*, 409 U.S. 239, 93 S. Ct. 477, 34 L.Ed 2d 446 (1972); *Western Mobilehome Assn.* v. *County of San Diego*, 16 Cal. App. 3d 941, 94 Cal. Rptr. 504 (1971). See also *Anderson* v. *City of Seattle*, 78 Wash. 2d 201, 471 P. 2d 87 (Wash. 1970); *California Employment Stabilization Commission* v. *Payne*, 31 Cal. 2d 210, 187 P. 2d 702 (1948); *Board of Social Welfare* v. *Los Angeles County*, 27 Cal. 2d 90, 162 P. 2d 635 (1945).

Although resort to the title of an act as an aid to construction should not be had if the meaning of the language of the act is clear, doubts here may be dispelled by reference to titles. The title to Act 19 does not in any wise mention apportionment. incidence of the burden or ultimate impact of the

taxes paid by an estate. It was "An Act to Relieve from Estate, Transfer or Inheritance Taxes Property Passing to the State and its Sub-Divisions, Hospitals and Educational Institutions." On the other hand Act 99 was "An Act to Determine the Incidence of State and Federal Estate Taxation." It was not designed to exempt any property from the tax or to relieve any part of the estate from it.

Although Act 19 was not involved in *Williamson v. Williamson*, 224 Ark. 141, 272 S.W. 2d 72, and the language used might be classified as dictum, this court there said it was plainly the intent of our statute (Act 99) to give to the estate as a whole the benefit of concessions made in the Congressional tax computation formula. This statement is certainly consistent with both the content and the title of Act 99. It is also significant that this court in *Williamson* emphasized the failure of Act 99 to carry forward exemptions and deductions granted by the act imposing the tax, as did the New York statute.

Since we disagree with the probate court's construction of the act, its judgment is reversed and the cause remanded for further proceedings consistent with this opinion.