AMERICAN SAVINGS & LOAN ASSOCIATION *v.*
W. H. ENFIELD, Judge, Benton Circuit Court

77-42                                             551 S.W. 2d 552

Opinion delivered June 13, 1977
(Division 2)

*Crouch, Blair, Cypert & Waters,* for petitioner.

*Adams & Wilson,* by: *Douglas L. Wilson,* for respondent.

JOHN A. FOGLEMAN, Justice. American Savings & Loan Association asks us to prohibit the Circuit Court of Benton County from proceeding further in a tort action brought against the association in that court by Michael A.

Mangione, a resident of Carroll County. The action was for alleged interference with a contractual agreement between Mangione and Mr. and Mrs. Charles Farley for the construction of a dwelling house for them in Eureka Springs. Summons was issued by the Clerk of the Circuit Court of Benton County and was served in that county on the manager of a branch of petitioner American Savings & Loan Association in Rogers. Petitioner appeared specially and moved to quash the summons, contending that the court had no jurisdiction over its person and that the venue was improper. The court denied the motion to quash and gave petitioner 15 days to plead further. Petitioner then commenced this proceeding, questioning the venue. We find that the venue is not improper and deny the writ.

American Savings & Loan Association is a savings and loan association with its principal office or place of business in Springdale, Washington County, and branch offices in Eureka Springs, Carroll County, and Rogers. No act upon which Mangione's cause of action is based is alleged to have taken place in either Washington or Benton Counties. Petitioner contends that the venue of the cause of action is governed solely by Ark. Stat. Ann. § 27-605 (Repl. 1962) and thus lies in Washington County only. The circuit court, in finding venue in Benton County, held that the section relied upon by petitioner was supplemented by Ark. Stat. Ann. § 27-347 (Repl. 1962), which is Act 98 of 1909. We agree.

The pertinent part of § 27-605 reads:

> An action other than those in §§ 84, 85 and 90 [Ark. Stat. Ann. §§ 27-601 - 27-603 (Repl. 1962)] against a corporation created by the laws of this state may be brought in the county in which it is situated or has its principal office or place of business or in which its chief officer resides . . .

Petitioner contended that the words, "may be brought" have been construed to mean "shall be brought." Perhaps so, prior to the enactment of Act 98 of 1909. But we have not so considered these words since that act was adopted. In *Beal-Doyle*

*Dry Goods Co. v. Odd Fellows Bldg. Co.,* 109 Ark. 77, 158 S.W. 955 (overruled on another point in *Anheuser-Busch, Inc. v. Manion,* 193 Ark. 405, 100 S.W. 2d 672), we rejected a contention that service, in the county in which the defendant corporation had its principal place of business, issued from a county where the corporation might have had a branch office should not be quashed. The plaintiff in that case relied upon, and we recognized the applicability of, the act now in question, but said that, in order to obtain service upon a defendant under that act the record should show that service of summons was had in compliance with that act. But the record did not show that the corporate defendant had a branch office in the county from which the process was issued or that service was had in that county.

In *Ft. Smith Lumber Co. v. Shackleford,* 115 Ark. 272, 171 S.W. 99, the act was applied. The corporate defendant had a commissary in Perry County as an adjunct to a logging operation. Process out of the Circuit Court of Perry County was served on the employee in charge. The corporation appeared specially and moved to suppress the service. We affirmed the denial of this motion on the basis of Act 98 of 1909.

In *Duncan Lumber Co. v. Blaylock,* 171 Ark. 397, 284 S.W. 15, (overruled on another point in *Anheuser-Busch, Inc. v. Manion,* 193 Ark. 405, 100 S.W. 2d 672), we reversed a judgment of the Circuit Court of Scott County against a corporation, whose principal place of business was in Polk County, because the process was served on the general manager of the corporation in Polk County and not upon the manager of its operation in Scott County. The motion to quash in the trial court was based upon the fact that the corporation was domiciled and had its principal place of business in Polk County. In that case, citing §§27-347 and 27-605 and the two cases above treated, we said:

> Under our statutes a domestic corporation must be sued in the county in which it is situated or has its principal office or business, or in which its chief officer resides, or in a county where it has a branch office or other place of business, by service of process upon the agent or employee in charge thereof.

Petitioner casts these cases aside as dicta, insofar as the question of venue is concerned, probably because the word "venue" is not mentioned in any of the opinions. Even if we should agree with appellant's classification, we adhere to the language of *Duncan,* for reasons we will state.

We first note, however, that we have, in later cases read the act as we did in *Duncan* and its two predecessors. We reversed a refusal to quash service of summons in *Chevrolet Motor Co.* v. *Landers Chevrolet Co.,* 183 Ark. 669, 37 S.W. 2d 873, on the basis that service of process from Fulton County in Pulaski County, where the defendant corporation had its principal office and its chief officers resided, was insufficient basis for jurisdiction of the Fulton County court, emphasizing the fact that the corporation did not keep or maintain a branch office or any other place of business in Fulton County when service was attempted. In *Concrete, Inc.* v. *Arkhola Sand & Gravel Co.,* 228 Ark. 1016, 311 S.W. 2d 770, we affirmed a circuit court order sustaining a demurrer to venue and jurisdiction in Benton County, where the appellant-plaintiff urged here that the trial court's action was contrary to our venue statutes. We there said:

> *** Since the act contains no venue provisions the action against defendant is governed by Ark. Stats. § 27-605 which fixes venue for actions against domestic corporations. In construing this statute along with Ark. Stats. § 27-347 we have consistently held that a domestic corporation must be sued in the county in which it is situated or has its principal office or business, or in which its chief officer resides, or in a county where it has a branch office or other place of business, by service of process upon the agent or employee in charge thereof. ***

We held that the action was not maintainable against the defendant in Benton County, and that service on the corporation in Sebastian County where its principal place of business was located was properly quashed, becuse it had no place of business in Benton County and none of its officers resided there.

Petitioner argues that, by reason of this statute and the construction given it, the cause of action was not transitory, but that it could only be brought in a county in which its principal office was located or in which its chief officer resided, which, of course, could have been two different counties. Petitioner does not ignore § 27-347. It contends, however, that this staute is one providing for service of summons only, and is not a venue statute or a statute for service of process applying in transitory causes of action. Petitioner's argument rests only upon the title of the act and its second section dealing with the effect of the act, overlooking the plain language of the act's first section, the substantive part of the act. That section reads:

> That from and after the passage of this Act any and all foreign and domestic corporations who keep or maintain in any of the counties of this State a branch office or other place of business, shall be subject to suits in any of the courts in any of said counties where said corporation so keeps or maintains such office or place of business, and that service of summons or other process of law from any of the said courts held in said counties upon the agent, servant or employee in charge of said office or place of business shall be deemed good and sufficient service upon said corporations and shall be sufficient to give jurisdiction to any of the courts of this State held in the Counties where said service of summons or other process of law is had upon said agent, servant or employee of said corporations.

It does not seem to us that the language of this section could any more clearly state that venue in an action against a domestic corporation can be laid in any county where the corporation maintains a branch office and that service of summons from any court held in such a county upon the person in charge of that office is sufficient to give that court jurisdiction.

The title of an act does not limit its application in Arkansas. See *Berry v. Gordon,* 237 Ark. 547, 865, 376 S.W. 2d 279; *Huff v. Udey,* 173 Ark. 464, 292 S.W. 693. Resort is not had to the title for construction of an act, unless the language of the

act, unlike the act here, is ambiguous. *Commercial National Bank* v. *Arkansas Children's Hospital,* 256 Ark. 1028, 511 S.W. 2d 640; *McMahan* v. *Board of Trustees of the University of Arkansas,* 255 Ark. 108, 499 S.W. 2d 56.

Petitioner says that the second section of the act limits the act to a statute governing service of process only, because to read it as a venue statute would repeal a prohibition against suing a domestic corporation in any county except that in which it maintains its principal office or in which its chief officer resides and that, somehow, the statute would not then be cumulative. Section 2 reads:

> This Act shall not be taken and held by the courts of this State as repealing any of the laws of this State now in force and governing and regulating the service of process or summons upon corporations of this State, but shall be by the courts of this State construed and held as cumulative and in aid of the laws of this State now in force.

Petitioner's misconstruction of this section is best illustrated by petitioner's analysis of it in its brief, in these words:

> The statute, on its face, clearly provides that it did not repeal any other statutes relating to service of process and the act was merely cumulative in the method of service in aid of the above methods.

The statute does not repeal any statute relating to the *service* of process, but nothing is said to limit its effect upon venue. Providing venue in additional counties is certainly "cumulative" in effect. The section cannot be read to be cumulative *only* (or merely) to statutes governing the *method* of service.

Petitioner says that it is inconceivable that a resident of County A (Carroll) can bring an action for tortious interference in County B (Benton), in which it can be served with process, when it has its principal place of business (residence) in County C (Washington). A similar result could be reached if the defendant were an individual residing in

County C who was served with process in County B at a branch office of a business maintained by him. This accounts for the great care taken by petitioner to correctly point out that the provisions of Ark. Stat. Ann. § 27-613 (Repl. 1962) are not applicable. Why it should be unthinkable in the case of a corporation, but not an individual, to say the least, is unclear.

The writ is denied.

We agree. HARRIS, C.J., and BYRD and HICKMAN, JJ.