Donna Fay MORGAN and Fletcher Eugene
MORGAN *v.* NATIONAL PIZZA COMPANY
d/b/a PIZZA HUT

84-234 684 S.W.2d 812

Supreme Court of Arkansas
Opinion delivered February 25, 1985

*W. Bruce Leasure,* for appellant.

*Rose Law Firm,* by: *Phillip Carroll,* for appellee.

JOHN I. PURTLE, Justice. This is an appeal from the order of the Pulaski County Circuit Court setting aside a judgment rendered on a writ of garnishment. It is argued the trial court erred in quashing the service and setting aside the judgment and that such action was the result of bias and

insufficient evidence. We find no prejudicial error by the court.

The appellants obtained a judgment against the Gwatneys in the amount of $2,200. The Gwatneys failed to satisfy the judgment. Appellants thought one of the Gwatneys was employed by a "Pizza Hut" on Camp Robinson Road. A call to the Secretary of State's office indicated the owner was Pizza Hut of America, Inc., with headquarters in Wichita, Kansas. A call to Wichita indicated each Pizza Hut was individually franchised. Appellants were advised that the local Pizza Hut should be contacted. The Camp Robinson Pizza Hut informed appellants that its headquarters was on Foxcroft Road in Little Rock. Thereafter appellants placed allegations and interrogatories as well as a writ of garnishment in the hands of a process server who was directed to proceed to Foxcroft Road for the purpose of serving the papers. An affidavit of service was executed on May 4, 1984, in which it was stated that service was had upon Marty Couk at the Foxcroft address.

A second set of garnishment papers was served on C.T. Corporation, agent for service of process for Pizza Hut of America, Inc., on June 18, 1984. There was no response to either of these two sets of documents. Judgment was entered against Pizza Hut on July 3, 1984. The appellants obtained a writ of execution on August 10, 1984, which directed the sheriff to execute against the estate of Pizza Hut on Camp Robinson Road.

An attempt to execute on the Camp Robinson Pizza Hut property brought out the real owner, National Pizza Company, which sought immediate relief on September 4, 1984. The relief sought and obtained was to set aside the judgment against the garnishee. The written order was filed on September 6, 1984.

The order setting aside the judgment against the garnishee stated, among other things, that service of process was not obtained on Marty Couk. The evidence on this issue was very disputed. The court found that Marty Couk was not the proper person to serve even if he had been served. The

court also found Mr. Peterson was in the office at the time of the alleged service and that he was the proper person for service. The court considered the testimony of the process server that he served Couk although he did not remember doing so. Couk and Peterson testified that Couk was not served, was not at the office at the time, and was not the agent for the appellee or in charge of its office.

The jurisdictional statement in appellant's brief implies that all appeals from an order dismissing a garnishment are appealable to this court. There must be other grounds before this court will exercise jurisdiction. The order appealed from is appealable pursuant to Ark. R. App. P. 2 (a)(5). However when the words *Supreme Court* appear in the rules of appellate procedure, one must substitute the words *Court of Appeals* in cases where the appellate jurisdiction is in that court under Ark. Sup. Ct. R. 29. See Per Curiam of May 5, 1980, 269 Ark. 980, wherein we amended Ark. R. App. P. 1. Our jurisdiction is exercised here pursuant to Ark. Sup. Ct. R. 29 (1)(c) because this appeal involves the interpretation or construction of Ark. Stat. Ann. § 27-347 (Repl. 1979).

The appellant correctly states the question to be decided is whether the requirements of Ark. Stat. Ann. § 27-347 were met. The statute in question requires service to be had upon the person *in charge* of the office of business. The trial court made a factual determination that the person *in charge* was not served in this instance. We will not reverse unless the decision of the trial court was clearly erroneous. *Walker* v. *Hooker*, 282 Ark. 61, 667 S.W.2d 637 (1984). We have previously held that the person *in charge* must be served. *American S&L Assn.* v. *Enfield, Judge,* 261 Ark. 796, 551 S.W.2d 552 (1977). It was almost undisputed that the person *in charge* of appellee's office was not served with process.

Having found the appellants failed to comply with the mandatory provisions of Ark. Stat. Ann. § 27-347, it is not necessary to discuss the other points relied on for reversal.

Affirmed.