The Honorable Richard L. (Dick) Barclay State Representative P.O. Box 279 Rogers, AR 72757
Dear Representative Barclay:
This is in response to your request for an opinion regarding Section 2 of Act 621 of 1987, as amended by Act 35 of the Third Extraordinary Session of 1988 [codified at A.C.A. 26-26-1408(a)(2) (Advance Code Service July, 1988)]. Your specific questions in this regard are restated as follows:
 1. Does Arkansas Code Annotated 26-26-1408(a)(2) apply to existing (established) businesses wherein it states that personal property acquired by "residents" during the period from April 10 through June 30 shall be assessed on or before June 30?
 2. Is there any period of time after June 30 in which large businesses with fleets of lease vehicles may submit their assessment without suffering from the ten percent penalty for late assessment?
It is my opinion that the answer to your first question is "yes". This conclusion follows from an interpretation of the language in question since there are no cases or other legislative enactments on point. Arkansas Code Annotated 26-26-1408(a)(2) (Advance Code Service July, 1988), states as follows:
 Taxable tangible personal property of new residents and new businesses established after April 10 and taxable tangible personal property acquired by residents during the period from April 10 through June 30 shall be assessed on or before June 30.
It is well established that legislative intent must be discerned from the language employed if a statute is clear and unambiguous on its face. Mourot v. Ark. Bd. of Dispensing Opticians, 285 Ark. 128,685 S.W.2d 502 (1985); Hot Springs School Dist. No. 6 v. Wells, 281 Ark. 303, 663 S.W.2d 733 (1984). If a statute is ambiguous and there is doubt as to its meaning, a court will look to various extrinsic matters in order to ascertain legislative intent. Arkansas State Highway Commission v. Mabry, 229 Ark. 261,315 S.W.2d 900 (1958).
A review of 26-26-1408(a)(2) does reflect an ambiguity due to the appearance in that subsection of the terms "new residents," "new businesses," and "residents". While one might contend that the term "resident," following "new residents" and "new businesses", excludes businesses, it is my opinion that this term has general application and therefore includes existing, that is established, businesses.
It must by recognized, initially, that the word "resident" would ordinarily be read to include business entities and well as individuals. Although the first clause of subsection (2) does appear to differentiate between new "residents" and new "businesses", the title to the act supports the conclusion that the subsequent use of the word "residents" does not exclude businesses, but rather has general application. The title reads in pertinent part:
 AN ACT TO AMEND ARKANSAS CODE 26-26-1408 TO PROVIDE THAT TAXABLE TANGIBLE PERSONAL PROPERTY OF NEW RESIDENTS AND NEW BUSINESSES ESTABLISHED AFTER APRIL 10 AND ACQUIRED BETWEEN APRIL 10 AND JUNE 30 SHALL BE ASSESSED NO LATER THAN JUNE 30. . . .
Thus, the title states in relevant part that 26-26-1408 is amended "to provide that taxable tangible personal property . . . . acquired between April 10 and June 30 shall be assessed. . . . The general applicability of the second clause is clear. And while the language used in the title of an act is not controlling, it may play a part in explaining ambiguities in the body of the statute. Henderson v. Russell, 267 Ark. 140, 589 S.W.2d 565 (1979); American Sav. and Loan Ass'n v. Enfield, 261 Ark. 796, 551 S.W.2d 552
(1977). The title is a proper extrinsic guide to be resorted to as a means of resolving doubt in interpretation. City of Fort Smith v. Brewer, 255 Ark. 813, 502 S.W.2d 643 (1973). It is therefore my opinion, based upon an interpretation of26-26-1408(a)(2), that the answer to your first question is yes, this provision does apply to existing (established) businesses.
Your second question involves the extension of the assessment period under Act 621, as amended, to June 30, and the 10% penalty which attaches for late assessment. It must be concluded that the answer to this question is "no". We are aware of no provision of this nature under current State law that would allow for any period following the June 30 date in which assessments may be made and the penalty avoided.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.