Mr. Mike Gaines, Chairman Arkansas State Board of Parole and Community Rehabilitation P.O. Box 34085 Little Rock, Arkansas 72203
Dear Mr. Gaines:
This is in response to your request for an opinion concerning the interpretation of Act 307 of 1991. That act authorizes the Department of Correction to establish a "home detention" program for certain released inmates. Your question is whether the act is applicable to inmates released on parole or under the provisions of Act 378 of 1975, the "Alternative Services Act." You have attached a memorandum of the Hearing Examiner for the Board which concludes that Act 307 does not apply in such instances, but only applies when the Department of Correction releases inmates under Act 814 of 1983 or under "post-boot camp" release.
Section 2 of Act 307 provides as follows:
 In all instances where the Department may release any inmate to community supervision, in addition to all other conditions which may be imposed by the Department, the Department may require the criminal defendant to participate in a home detention program. The term of the home detention program shall not exceed the maximum number of years of imprisonment or supervision to which the inmate could be sentenced, and the length of time the defendant participates in a home detention program and any good time credit awarded shall be credited against the defendant's sentence.
The section above authorizes the "Department," presumably the Department of Correction, to require a home detention program in all instances where it releases any inmate to "community supervision." Your question arises as to inmates released on parole, because those inmates are not "released" by the Department of Correction, but are released by the State Board of Parole and Community Rehabilitation. See former A.C.A. § 16-93-201(f)(1) and A.C.A. § 16-93-201n (Supp. 1989). Similarly, under the "Alternative Services Act", inmates are not "released" by the Department, but are placed in alternative service programs by a court or the State Board of Parole and Community Rehabilitation. See A.C.A. 16-93-507 and 16-93-509 (Supp. 1989). In contrast, inmates released under the provisions of Act 814 of 1983, (which provides for "work-study release") are actually "released" by the Department of Correction, according to rules and regulations promulgated by the Board of Correction. See A.C.A. § 12-30-407. We have found no statute, however, which addresses "post-boot camp" release.
A question thus arises as to which of these "releases" of inmates Act 307 is applicable. The act applies any time the "Department" releases any inmate to "community supervision." It may thus be contended that the act only applies when the Department of Correction acts itself to release an inmate under some type of "community supervision." It might also be contended, however, that the term "release" does not imply that the Department has the actual authority to order the release, but it may imply only that the Department has actual physical custody of the defendant, and will "release" him upon authorization of a qualified agency. Additionally, the term "community supervision" is not defined anywhere in the Arkansas Code, and does not appear in any Arkansas case law.
The provisions of Act 307 are ambiguous. When an ambiguity exists, it is proper to consider the title of the act in order to determine the legislature's intention. McMahan v. Board of Trustees of University of Arkansas, 255 Ark. 108,499 S.W.2d 56 (1973). The title is not to be resorted to, however, unless there is an ambiguity in the act. If the meaning of the language is clear, the title should not be considered. American Savings and Loan Ass'n v. Enfield,261 Ark. 796, 551 S.W.2d 552 (1977), and Commercial Nat. Bank. v. Arkansas Children's Hospital, 256 Ark. 1028, 511 S.W.2d 640
(1974).
The title of Act 307 of 1991 is as follows:
 AN ACT TO AUTHORIZE THE ARKANSAS DEPARTMENT OF CORRECTION, AS CONDITION OF PAROLE OR OTHER COMMUNITY SUPERVISION, TO REQUIRE PAROLEES OR OTHER INMATES UNDER COMMUNITY SUPERVISION TO PARTICIPATE IN A HOME DETENTION PROGRAM TO BE SUPERVISED ELECTRONICALLY; AND FOR OTHER PURPOSES.
The title clearly indicates the legislature's intention to include parolees under the provisions of the act. The primary rule in construction of statutes is to ascertain and give effect to the intention of the legislature. Ragland v. Alpha Aviation, Inc., 285 Ark. 182, 686 S.W.2d 391 (1985). We must thus conclude that Act 307 does apply to inmates "released" by the Department on parole. As to other types of "releases" of inmates, it must be determined whether the Department is releasing them to "community supervision." While we cannot provide a controlling definition of this term in the absence of one supplied by the legislature, it appears that the legislative intent was to authorize home detention whenever an inmate is released from the custody of the Department of Correction into the community, but with some type of state-retained supervision over their whereabouts and activities. We must thus conclude that the Act most likely includes within its ambit inmates released to take part in an "alternate service program" under Act 378 of 1975.
This conclusion is mandated by the ambiguous nature of the act and the evident intent expressed in the title thereof. In the absence of legislative clarification, or binding interpretation of a court, we are constrained to construe the act in this manner.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely, WINSTON BRYANT Attorney General
WB:arb